May it please the Court, Matthew Green for Petitioner, Alexander Khavrenko, who is present and seated in the gallery. The primary issue in this case is whether California Penal Code, Section 470d, is categorically a crime involving moral turpitude. And the question that goes to the heart of that issue is whether Section 470d is inherently fraudulent. This Court has grappled with the, quote, inherently fraudulent question over the years, but the law and the circuit provides an answer. And that answer is that in order to be inherently fraudulent, a crime must involve knowingly false representations made to gain something of value. Section 470d is not inherently fraudulent and therefore not categorically a CIMT as a matter of law, precisely because it does not require that a representation be made to gain something of value. The words in Section 470d, quote, with the intent to defraud, do not, without more, make the statute a CIMT, because the categorical approach that was originally announced in Taylor, reaffirmed over the years and most recently by the U.S. Supreme Court, that a CIMT must be considered in addition to simply a mens rea. That is, the actus reis obviously must be considered in addition to simply a mens rea. Okay. Now, I got the thrust of your argument. You're saying that there's some conviction possible under 470d that qualifies under the statute as with the intent to defraud, but it's not fraud within the meaning of a CIMT as you would conceive of CIMT, because it is, and I hope I'm paraphrasing you correctly, not done with the intent to gain something of value. What part of subsection d allows such a conviction? Thank you, Your Honor. I believe that specifically anything after the word counterfeits, if you're looking at the definition of the statute. Okay. Now, it's really long, so tell me what counterfeits is. Is he counterfeited? Right. Well, so I'm actually just going to say that's in the second line. It's in the second line, and really, I think for today's analysis, the only relevant portion of the statute that we're going to be talking about ends after the words guilty of forgery colon, if you're following me. Because, and we'll probably get to this in a couple of minutes when we're talking about whether or not this is a divisible statute or not, but when the first part, falsely makes, alters, forges, or counterfeits, I mean, that's essentially the generic definition of forgery. So that stuff is all inherently fraudulent. We know that. But once we get to utters, publishes, passes, or attempts, or offers to pass as true or genuine, these are broader than the generic definition of a crime involving moral turpitude. They're certainly broader than the generic definition of forgery. And for that reason, I don't think that this statute is a, you know, what, a species of forgery. I don't think it's a species of theft. It's something different. But where can I infer from the language or understand from the language that he's uttering, publishing, passing, or attempting, or offering to pass as true and genuine something such that he's not trying to get something of value in return? The best place to look, and I included this in my recent 28J letter, are the jury instructions. And if I could refer the Court to the jury instructions, I believe that they're conclusive to this matter. We take a look at the Calcrim jury instructions that are associated with Section 470d and their sections 1904, 1905, and 1906. In both 19 so 1904 is a jury instruction that deals with more of this generic forgery. It's the first three or it's the first four, you know, modes that we talked about, make, alter, forge, or counterfeit. And then Section 1905 talks about the rest, which is passed, used, attempted, or offered to use. But after each of the elements as they describe them. I'm lost here. Where am I supposed to find this jury instruction? So they were attached to the 28J letter that was submitted earlier this week. I've got it here. Okay. Let's see. Hang on a second. And so I've got this jury instruction. That is, Your Honor. This is a Calgic jury instruction? It is. And do we know if this jury instruction was given or does it matter if it was given? Well, this is a plea agreement. It's a plea. I see. So, okay. I've got it in front of me. So what part of it here supports your argument? Your Honor, in 1904 and 1905, directly after the enumerated numbers, there's the same language. And what it says here is someone intends to talk about intent to defraud, as it is understood by the California, by California for 470D. Someone intends to defraud if he or she intends to, number one, or excuse me, if he or she intends to deceive another person, either to, number one, cause a loss or, number two, to cause damage. We would respectfully submit that causing an intent to deceive to cause a loss or to cause damage is completely different than intent to deceive to gain something of value. That's just not what the California statute they're not the same. They're apples and oranges. So for that reason, this statute does punish conduct that it So where do you get the rule then that to be a CIMT under Federal law, it requires intent to deceive in order to obtain something of value rather than intent to receive, deceive in order to cause harm to someone? Your Honor, Navarro v. Lopez talks about it, although it's a strange case because the four paragraphs were just Judge Pregerson's special concurrence and two of your honors were with a different. But here's how I look at this, and I think it is really important. Again, Navarro-Lopez cites the Goldstein, which is obviously one of the leading cases in this area in the circuit. And when you take a look at some of that, we do, as my colleague before me talked about, this goes all the way back to Jordan v. DeGeorge. I mean, all of these cases talk about Jordan v. DeGeorge from 1951. They talk about the fraudulent nature of a crime. They talk about a fraudulent ingredient. But I actually think that Judge Pregerson's concurrence at footnote 7 of Navarro-Lopez, where he says it is not enough that an offense involves some sort of sneaky or dishonest behavior, we look for intent to defraud, I think that that is really where we get to the heart of this. And again, I think that this that we're working on, you have a very specialized definition of defraud. So I'm asking you where are you getting your definition of defraud so that under Federal law, defraud, CIMT, it excludes intent to deceive in order to cause harm? Well, we take a look at the Federal, because we are comparing this to the generic definition of a crime involving moral turpitude. And if we were, I mean, Your Honor, my position is just simply we can't just look at somebody's intent if the act that, if the conduct that they were going to be involved with would not be morally turpitudinous. No, no, you're not answering my question. And maybe there is no case, which is why you're not answering the question. But my question is, do you have authoritative law, case law, statute law, anything else that tells me that crime of moral turpitude, when we're talking about fraud, does not include fraudulent behavior that causes harm? That causes harm? No, I don't have any. But that's your argument. Without any sort of authority, what am I supposed to do with your argument? Well, no, because we have case law that says, I don't have, I don't have case law that says causing harm is not a CIMT under the fraudulent nature analysis. We know specifically what the definition is in this circuit, and that is deceit with intent to gain something of value. Okay, so you say that's the law in this circuit. Where do you get that? Navarro, Lopez, Goldestein, Tihani, V. Holder. Okay. Yeah. So, Your Honor, I'd like to reserve the last 50 seconds for rebuttal. Got it. Sure, sure. Did you find this thing that they sent in? Yeah, yeah. Deals with aggravated felonies. May it please the Court. Jonathan Robbins here on behalf of the Attorney General. Good morning. Well, I think it's apparent from the discussion that the critical issue in this case is whether Petitioner's forgery conviction constitutes a crime involving moral turpitude within the meaning of the Immigration and Nationality Act. And the answer is that yes, it does. The Board in this case correctly found that the statute in question, California Code, Penal Code Section 470D, is categorically a crime involving moral turpitude. And in doing so, its decision is consistent with this Court's precedent, consistent with Supreme Court precedent, consistent with Board precedent. And the decision is generally well-reasoned, well-supported, and should be upheld by this Court. I think it's probably best to start by the analysis with doing what the Board did, which is what the courts routinely do, which is to say to apply the categorical method, the categorical approach as outlined in the Supreme Court's decision in Taylor against the United States, and that is to say we look at the statute of conviction. And we look at the conduct that's prescribed by the statute to see whether it categorically falls within the generic definition of a crime involving moral turpitude. And this is where this Court's case law is particularly instructive, because this Court's decision in Tall against Mukasey, which was cited to by the Board and which is highlighted in the government's brief, has spoken directly to this issue. And I would quote directly from this Court, a crime having as an element the intent to defraud is clearly a crime involving moral turpitude. Now we look at the statute in question here, California Penal Code Section 470D, and we see that it has this element, this intent to defraud. And so the question then before the court becomes, is there any way to be convicted under this statute? And that is to say, is it divisible in some way, such that a person could not be convicted of that intent to defraud? An examination of the statute reveals that it's not. One has to be convicted. Scalia, help me out here, because we've got a fairly narrowly focused argument. His argument is that there's a lot of fraud, fraud intended to deceive in hopes of gaining something. He concedes that's a say-I-empty. He says intent to deceive, hoping only to harm, is not. How do you respond to that? Well, I would respond the same way Your Honor responded, to say that there's no authority to support that particular point. Well, where's their authority for your position? Well, for example, Tihani v. Holder, that was a case involving credit card debt and a credit card fraud. And the court really gave a pretty good analysis in that case of, you know, one of the excuses in that case was like, well, what was that the alien said? Well, yes, I'm defrauding people, but I meant to mean – I was just trying to build my own credit. And so, you know, I was going to make the payments on the credit card, so it's not really fraud. And the court rowdily, soundly rejected that argument. But that's to obtain benefit for him. He's trying to build his credit. So tell him, give me a case where we have held that it is fraud within the meaning of the say-I-empty, where intent to deceive merely in order to cause harm. I'm trying to think. I mean, well, I think that case – well, I think, Tihani, what was the whole argument that they were making? I mean, the problem with getting into the – what was intended, once they've committed this intent to defraud, this recognized element of turpitude and misconduct, the problem with getting into the – into the intent of it is, is the court is essentially allowing defenses that wouldn't hold up in the criminal context to sort of infect the analysis with regard to crime involvement. I don't think you're taking his point. He may lose on the point, but you're not taking his point. I understand that this is fraud under California law. Yes. And fraud under California law, I'll take his point coming from the jury instruction, that it is fraud under 470d if it's deceit with intent to harm, not deceit with intent to gain. All I want to do is just hurt him. Right. Now, that's clearly fraud under California law. Is that fraud CIMT? And that's a question of Federal law. That's a question of what is a crime of moral turpitude. And I'm trying to figure out if it's a crime of moral turpitude where I'm deceiving someone in order to hurt them. Well, I would say that, even though I don't know a specific case where that's happened, I would say that that would be inherently fraudulent conduct, which is the Court does discuss with respect to analyzing these statutes. So I can't think of a specific example right now. I'd have to check and see if there is. But, again, I think that would go to the inherently fraudulent conduct that the Court has discussed at length. The harm to the person is to the victim is the same in either event, I suppose. Yes. But it sounds as though we don't have any clean language that resolves the point. At least you can't point me to some, as far as I'm concerned. He hasn't pointed me to some either. No, I mean, I hadn't considered that to be ready with a specific example. I don't know if it's out there or not. That's something I would have to check on. So with respect to the Board's decision, again, there's a lot of talk in the brief about modified categorical approach. I know that he's introducing these jury instructions now in the 28th jail letter. All that is modified categorical approach, which we don't reach if the crime is categorically involving a moral turpitude. No, I disagree with that. The question is, what's the meaning of the statute? Yes. What does it fall within the generic definition categorically as a crime involving moral turpitude? That's right. And the jury instruction, I will assume, is some version of California law telling us here's the meaning of the statute, because it's a jury instruction specifically tailored to 470D. Yes. But in those jury instructions, as a required element in those jury instructions is the intent to defraud. And again, this Court's precedent is exceedingly clear. The jury instruction, I know I'm beating a dead horse, but it seems as though it needs another little whack. The jury instruction includes within its definition of intent to defraud deceit with intent to harm. Yes. Which, again, I would argue is inherently fraudulent. So I understand the argument. Yes. So are there any other specific questions with respect to the application of the categorical approach or anything along those lines? Okay. Well, in that case, I would respectfully request the Court uphold the decision of the Board of Immigration Appeals and dismiss this case as for the petitioner was convicted of a crime involving moral turpitude. Thank you. Thank you. The one thing that I would like to say in closing, and it's picking up where we left off, where Your Honor was asking me if there's any authority or any examples of where harm or loss are not CIMTs, I would respectfully submit that that's actually not, especially post-Moncrief from last year, what we ought to be looking at. What I believe we've shown is that the statute does punish conduct that falls outside of the generic definition, as I've explained it, and then the question becomes, is there a realistic probability? No. You still haven't gotten me to the point of thinking that the statute describes conduct that falls outside a CIMT, because you've not pointed me to language that says if it's only intended to cause harm, that's not a CIMT. And I respectfully would submit that the only language that's relevant to the analysis is that only if there's something intended to see for the purpose of gaining. Well, I understand the argument, but I don't have any authority. And, again, Navarro, Lopez, Golderstein, Tijani, V. Holder, that I would submit. Got it. Okay. Thank you. Thank you very much. I thank both sides for your arguments. Kavrenko v. Holder now submitted for decision.
judges: WALLACE, SCHROEDER, FLETCHER